UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


John Ingalls

   v.                                              Case No. 10-cv-242-PB

Walgreen Eastern Co., Inc.


**O R D E R**

Pursuant to Local Rule 7.2(e), plaintiff John Ingalls moves the court to reconsider several portions of its Order dated March 1, 2011.  Walgreens Eastern Co. ("Walgreens") objects.  For the reasons given, Ingalls' motion for partial reconsideration is denied.

Ingalls first challenges the court's determination that he is not entitled to certain "punch audit trail reports" maintained by Walgreens on stores in his district other than the one he managed.  According to Ingalls, those reports would show that other managers also engaged in the conduct for which Walgreens said it terminated him, i.e., altering employee time cards.  Several witnesses have testified that store managers other than Ingalls have altered employee time cards.  The court denied Ingalls' request for the reports he seeks on grounds that "[t]he requested discovery would not reveal any evidence beyond that which Walgreens, and several witnesses, have provided."  In

his motion for reconsideration, Ingalls has identified no "manifest error of fact or law," LR 7.2(e), underlying the court's denial of his discovery request. Rather, he points out that there are both fraudulent and non-fraudulent reasons for a store manager to alter an employee's time card, and then claims that he was trained by Walgreens to perform both fraudulent and non-fraudulent time-card alterations. For its part, Walgreens grants the proposition that there are both appropriate and inappropriate reasons for managers to alter time cards, but asserts – without competent opposition by Ingalls – that the records Ingalls seeks would indicate <u>only</u> that managers have made alteration to time records, which Walgreens concedes, but would <u>not</u> indicate the reason(s) for those alterations. In other words, it is undisputed that the records Ingalls seeks would not specifically identify any fraudulent time-card alterations by store managers. Accordingly, Ingalls' motion for reconsideration is denied as to the punch audit trail reports.

Ingalls next challenges the court's determination that he is not entitled to information concerning the manner in which Walgreens handled the inventory of its Exeter store after its roof collapsed in 2006. Rather than attempting to identify a manifest error of fact or law on the part of the court, he offers a new theory as to why the Exeter inventory information

is relevant.  In his motion to compel, he argued that he needed that information because it "will tend to prove or disprove his claim that Walgreens committed insurance fraud or should be concerned about the IRS and ATF because of the inventory transfer," and further argued that "[i]f the documentation proves what [he] alleges, it seems inescapable that a jury would find it more probable that [his] knowledge of what happened and comments about it motivated Walgreen's actions."  Pl.'s Mot. to Compel (doc. no. 9), at 12.  Now he argues that "this documentation is both admissible and directly relevant – not to prove Walgreen's guilt on these identified charges, but to challenge its credibility when it claims that it had to terminate [him] for the same type of conduct in which its other managers engaged."  Pl.'s Mot. for Recons. (doc. no. 28) ¶ 13.

Plaintiff's argument is unavailing.  For one thing, "[g]enerally a party is not entitled to present new arguments on a motion for reconsideration."  Global Naps, Inc. v. Verizon N.E., Inc., 489 F.3d 13, 25 (1st Cir. 2007) (citing Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997)).  Beyond that, to the extent Ingalls claim that Walgreens said it terminated him for altering employee time cards and allowing employees to work unpaid overtime, the conduct of Walgreens' employees after the Exeter roof collapse is entirely irrelevant, as Ingalls

3

makes no suggestion that the employees involved in the Exeter inventory transfer altered employee time records or engaged in any other similar conduct.  In other words, Ingalls has identified no conduct given as a reason for his termination that was "the same kind of conduct in which its other managers engaged" in relation to the incident at Exeter.

   Finally, Ingalls challenges the court's determination that he is not entitled to information concerning the manner in which Walgreens handled the transfer of inventory in the aftermath of Hurricane Katrina.  He says that information is relevant to: (1) challenging the credibility of Anna O'Herren's testimony about the Exeter incident and her suggestion of the existence of unwritten company policies allowing for the undocumented interstore transfer of inventory after emergencies; and (2) his assertion that Walgreens had written policies, but trained managers to engage in conduct that violated those policies.  Again, Ingalls does not attempt to identify, at least explicitly, any factual or legal error in the court's previous order.  In any event, having reaffirmed its determination that information about the Exeter incident is not relevant, the court must, necessarily, reach the same conclusion with respect to information about how Walgreens handled inventory after Hurricane Katrina.  Because Ingalls has identified no basis for

concluding that O'Herren knew anything about how Walgreens dealt with inventory after Hurricane Katrina, he has failed to show that information about that matter could possibly shed any light on O'Herren's credibility.  Moreover, even if Walgreens did disregard its written company policies when it responded to Hurricane Katrina, that situation is so far removed from the facts and circumstances of this case that the evidence Ingalls seeks would shed no reliable light on the matter he is seeking to prove, i.e., that in the normal course of business, Walgreens promulgated written policies and then trained managers to act inconsistently with those policies.  In short, the court did not err in determining that information about Walgreens' response to Hurricane Katrina is irrelevant to Ingalls' claims in this case.

    For the reasons given, Ingalls' motion for partial reconsideration, doc. no. 28, is denied.

    SO ORDERED.

                                         _____
                                       Landya McCafferty
                                       United States Magistrate Judge

April 25, 2011

cc:  Gregory A. Manousos, Esq.
     John P. Sherman, Esq.
     Jeffrey S. Siegel, Esq.