```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

John Ingalls

   v.                                                        Case No. 10-cv-242-PB

Walgreen Eastern Co., Inc.

## O R D E R

Before the court is Walgreens' motion for a protective order, to which Ingalls objects. The motion is granted in part and denied in part.

Walgreens first asks the court to protect it from having to produce Matthew Fitzgerald for deposition. Fitzgerald was the manager of Walgreens' Exeter store at the time of its 2006 roof collapse. Walgreens argues that it should be protected from producing Fitzgerald for deposition because Ingalls' reason for deposing Fitzgerald is to inquire about the Exeter roof collapse, and the court has already determined that evidence concerning the roof collapse is not relevant to Ingalls' wrongful termination claim. Ingalls responds by identifying four areas in which Fitzgerald is competent to offer relevant testimony. But then he devotes nearly a page to discussing testimony about the Exeter roof collapse he could elicit from

Fitzgerald that would relate, in some way, to assessing the credibility of various other witnesses.

Ingalls' continuing focus on the Exeter roof collapse validates Walgreens' concern that Ingalls would devote an inordinate amount of time to deposing Fitzgerald on matters that are entirely irrelevant to his claims.  By the same token, it would be difficult for the court to determine, on the record before it, that Fitzgerald has nothing at all to offer in matters that are relevant.  Accordingly, the court declines to protect Walgreens from producing Fitzgerald, but does order Ingalls not to question Fitzgerald about the Exeter roof collapse in any way.  See Fed. R. Civ. P. 26(c)(1)(D) (allowing court to forbid inquiry into certain matters).

Walgreens next asks the court to modify its Order of March 1, 2011, in which it required Walgreens to produce "Opening Statements for the Maine District for the period September 2008 and 2009."[1]  In Walgreens' view, the court's order requires it to produce confidential and proprietary financial information that goes well beyond what is actually relevant to Ingalls' claims. As a result, Walgreens asks to be allowed to submit a

---

[1] In its previous order, the court seems to have misnamed the documents at issue.  The correct term is not "Opening Statements" but "Operating Statements."

stipulation to certain facts rather than the complete Operating Statements.  Ingalls responds by pointing out that Walgreens did not even file its motion for a protective order until after production was due, and argues that the objections to production raised therein should have been developed when Walgreens opposed his motion to compel.

Be that as it may, the court noted in its previous Order that Walgreens had not developed any argument that Ingalls' request was unduly burdensome.  And, the court ruled that evidence contained in those documents was relevant.  As for Walgreens' newfound concern with the confidential and proprietary nature of the information contained in the Operating Statements, that concern can be addressed without denying Ingalls the material to which he is entitled.

Accordingly, Walgreens is ordered to produce the Operating Statements it was previously ordered to produce.  Those statements shall be labeled "Confidential."  Ingalls is ordered to treat those statements as confidential, which means that he may not provide those documents or their contents to anyone without either Walgreens' consent or a prior court order, and may not use them for any purpose other than litigating his claim

against Walgreens.  At the conclusion of the litigation, the documents shall be returned to Walgreens.

    SO ORDERED.

                                        Landya McCafferty
                                        United States Magistrate Judge

June 6, 2011

cc:  Gregory A. Manousos, Esq.
     John P. Sherman, Esq.
     Jeffrey S. Siegel, Esq.